Ralph Kermit Winterrowd 2nd
c/o P.O. Box 877109
Wasilla, Alaska [99687]
357-8003 H, 357-8007 Fax



The United States of America

The United States

District Court of the United States

District of Alaska

**Ralph Kermit Winterrowd 2nd**
*Plantiff*

v.

**Chickaloon Village, and;**

STATE OF ALASKA
*Defendants*

Case 3:06-CV-00034 TMB

**COMPLAINT and INJUNCTION**
arising under Article III of all Cases in Law and Equity under the Authority of the
United States and
exercising the judicial Power of the United States

*Come now,* Ralph Kermit Winterrowd 2nd ("Winterrowd") with this Complaint and Injunction arising under Article III of all Cases in Law and Equity under the Authority of the United States exercising the judicial Power of the United States.

## Jurisdiction

Jurisdiction arises under Article III of the Constitution of the United States in all Cases in Law and Equity under the authority of the United States exercising the judicial Power of the United States.

Jurisdiction arises under Article I Section 8 Clause 3.

Jurisdiction arises under 28 U.S.C. Sec. 1331.

Jurisdiction arises under the Bill of Rights that no man shall be deprived of life, liberty, or property without due process of law, and in particular the 5th Amendment and the 6th Amendment

Jurisdiction arises because Chickaloon Village is a federally recognized tribe within the territorial boundaries of Alaska by the executive Power and legislative Power of the United States as evidenced by numerous public records.

## Parties

**Ralph Kermit Winterrowd 2nd** is an American citizen, white citizen, citizen of the United States of America, and a Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska. Ralph Kermit Winterrowd 2nd is not an individual or a "citizen of the United States" as used by Congress in 5 U.S.C. § 552 or under the Social Security Act (49 Stat 620) wherein Winterrowd would have relinquished his constitutionally secured Rights for possible gratuities or benefits. See *United States v. Babcock*, 250 U.S. 328, 331 (1919); *Dismuke v. United States*, 297 U.S. 167, 171-172 (1936); *Fleming v. Nestor*, 363 U.S. 603, 609-612 (1960); *Hayburn's Case*, 2 Dall. 409, 409-411 (1792); *United States v. Ferreira*, 13 How. 40, 48-50 (1851); *Muskrat v. United States*, 219 U.S. 346, 352-362 (1911).

**Chickaloon Village** is a federally recognized tribe within the territorial boundaries of Alaska by the executive Power and legislative Power of the United States as evidenced by numerous public records and arising under Article I Section 8 Clause 3 being "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;"

**STATE OF ALASKA** is a State that has refused to honor the Chickaloon Driver License, refused to honor the Chickaloon Village Court Order, refused reciprocity of the "Chickaloon Driver License" issued by the Chickaloon Village, and refused to honor a foreign judgment that stands still unopposed of the Chickaloon Village filed in Palmer, Alaska in Case 3PA-05-01542CI and filed into the public records of the Palmer Recording District with the number of 2005-022833-0.

### Irreparable Injury

The Supreme Court of the United States has held what constitutes irreparable injury in the adjudged decision of *Winnipiseogee Lake Cotton and Woolen Co.*, 67 U.S. 545, 551(1862), to wit:

> A Court of Equity will interfere when the injury by the wrongful act of the adverse party will be **irreparable, as where the loss of health, the loss of trade, the destruction of the means of subsistence, or the ruin of the property must ensue.** *[Emphasis added]*

The courts are bound by all of decisions of the Supreme Court of the United States. See *Agostini v. Felton*, 521 U.S. 203, 237-238 (1997); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) – "it is this Court's prerogative alone to overrule one of its precedents."

When the Equity jurisdiction is properly invoked, the court has the power to return that which has been illegally acquired and to return the Plaintiff to the Plaintiff's original *status quo* even if this includes that which might be conferred by a court of law. This is contained in the adjudged decision of the Supreme Court of the United States in *Porter v. Warner Holdings Co.*, 343 U.S. 326, 399(1946), to wit:

> (1) It may be considered as an equitable adjunct to an injunction decree. **Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief.** To be sure, such a recovery could not be obtained through an independent suit in equity if an adequate legal remedy were available. [FN2] White v. Sparkill Realty Corp., 280 U.S. 500, 50 S.Ct. 186, 74

L.Ed. 578; Lacassagne v. Chapuis, 144 U.S. 119, 12 S.Ct. 659, 36 L.Ed. 368. But where, as here, the equitable jurisdiction of the court has properly been invoked for injunctive purposes, **the court has the power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be conferred by a court of law.** Alexander v. Hillman, 296 U.S. 222, 241, 242, 56 S.Ct. 204, 210, 211, 80 L.Ed. 192.

FN2 But if a defendant with notice of a pending injunction proceeding completes the acts sought to be enjoined, **the court of equity may restore the status quo by means of a mandatory injunction.** Texas & N.O.R.R. Co. v. Northside Ry. Co., 276 U.S. 475, 48 S.Ct. 361, 72 L.Ed. 661; Porter v. Lee, 328 U.S. 246, 66 S.Ct. 1096 *[Emphasis added]*

## Facts

Winterrowd had a suspension of a "Alaska Driver License" for three months starting on the date of October 27, 2004 according to the "Alaska Driving Records." Other elements of this suspension will be addressed in a separate litigation.

Winterrowd researched and concluded that the Chickaloon Village could lawfully issue a "driver license" and chose therefore to make application for said license in Chickaloon *after the suspension time has expired with the State of Alaska*. Winterrowd did call Kansas and received confirmation that if he was domiciled in Kansas could with the proper identification and Alaska driving record and complying with Kansas laws, obtain a "Kansas Driver License." There was no attempt to evade any issues of the suspension.

After the suspension date in 2005 expired, Winterrowd obtained an Alaska Driving Record as required by the Chickaloon Village for making application for a Chickaloon Driver License. Winterrowd has absolutely no safety issues, no charges or convictions of any DUI's, no charges or convictions of any type drugs, and no accidents of any type in his non-commercial motor vehicle. Winterrowd met all of the requirements of the Chickaloon Village to obtain a Chickaloon Driver License, and Winterrowd was issued a Chickaloon Driver License with the number of CV-00305 with the expiration date of 3-5-2010.

Winterrowd was arrested by a Police Officer Knauss ("Knauss") of the Palmer Police Department ("PPD") with Police Officer Steen ("Steen") of the PPD in attendance in the

territorial boundaries of Alaska in Palmer, Alaska on or about August 8, 2005 for a "revoked" driver license, which was incorrect and said arrest was video taped by Winterrowd. The Complaint was changed to being "suspended." See AS 28.40.100 for definitions.

Winterrowd stated that the Chickaloon Driver License was valid in Alaska and Knauss replied "No." Winterrowd bailed out of jail at the cost of $1,000.00.

Winterrowd obtained a Emergency Order ("Chickaloon Order") of Case No. 2005-08-01 from the Tribal Court of the Chickaloon Village on August 10th, 2005. Winterrowd filed in a foreign judgment into the Superior Court of Alaska with the Case Number of 3PA-05-01542CI on August 11th, 2005 for a filing fee of $150.00. Winterrowd also supplied copies of the foreign judgment to Notice the State of Alaska Prosecutor's Office for Palmer, Alaska, to Notice Officer Knauss and Officer Steen at the Palmer Police Department, to Notice the Alaska State Troopers in Palmer, Alaska, and to Notice the Wasilla Police Department in Wasilla, Alaska. Winterrowd then took a certified copy of the Chickaloon Order to the Palmer Recording District and received the number of 2005-022833-0 ("Palmer Public Record Order") on August 23, 2005 and filed same for a filing fee. Winterrowd then returned to the Palmer Court House and filed in a copy of the Palmer Public Record Order back into Case 3PA-05-01542CI. Winterrowd has attached a ***certified copy*** of the Palmer Public Record Order, being **Attachment 1.**

The Law Enforcement Agencies and State of Alaska has refused to honor the right of the Chickaloon Village to issue a driver license that is valid within the territorial boundaries of Alaska, not to mention the other States.

The Law Enforcement Agencies and the State of Alaska has refused the reciprocity of Chickaloon Village acting within their sovereign Powers.

The Law Enforcement Agencies and the State of Alaska has refused to honor the Chickaloon Order that is filed in a foreign judgment in Case 3PA-05-01542CI. This Case is still open and stands unopposed by the State of Alaska and the other Law Enforcement Agencies that Winterrowd Noticed.

Winterrowd has operated in total good faith and caught between two entities to which only the government of the United States in the Article III courts have the cognizance of this Class of Case and of all of the Parties to enforce the sovereign Rights of the Chickaloon Village if they are correct, to force the State of Alaska to abide by the foreign judgment and the supreme law of the Land administered by the United States, to force the State of Alaska to provide reciprocity with the Chickaloon Village, and to enforce the constitutionally secured Rights of Winterrowd in the Bill of Rights whom is caught in the middle with loss of liberty and property.

After all of these good faith dealing by Winterrowd, Winterrowd was still prosecuted by the State of Alaska in 3PA-05-2098 CR and found guilty on February 1, 2006, with the Chickaloon Driver License being excluded as evidence by the Prosecution enforced by Judge John Wolfe, a district court judge. Other parties are selective charged when in possession of a Chickaloon Driver License in Alaska, but the State of Alaska has not addressed these Chickaloon Driver License's as illegal or unlawful in any civil litigation, instead they proceed on criminal charges excluding the evidence of the Chickaloon Driver License, denying reciprocity with the Chickaloon Village, and excluding the foreign judgments of the Chickaloon Village as evidence while attempting to stultify the Law by intimidation, fines, and jail on individual cases.

Winterrowd is not the only person that has been issued a Chickaloon Driver License, but the number of said licenses in existence is unknown.

The State of Alaska has a major pecuniary interest to exclude the Chickaloon Village in the issuance of driver licenses, in the issuance of license tags, in the registration of motor vehicles in Alaska, not to mention the control issues by and through the cooperative agreements in Title IV and other types of Social Security issues.

### First Cause of Action

Winterrowd incorporates all of the preceding facts and law in the Injunction and alleges that the Chickaloon Village does have the sovereign Power to issue a Chickaloon Driver License that would be valid in the territorial boundaries of Alaska and other States.

### Second Cause of Action

Winterrowd repleads all of facts and allegations of the First Cause of Action and alleges that the Chickaloon Village has been recognized by the executive Power and legislative Power of the United States as a federally recognized tribe by numerous public records, the federal register publications and Laws of the United States.

### Third Cause of Action

Winterrowd repleads all of the facts and allegations of the Second Cause of Action and alleges that while in possession of the Chickaloon Driver License and being in good standing with the Chickaloon Driver License requirements, which he was, Winterrowd did in fact have a valid driver license for a motor vehicle in the territorial boundaries of Alaska on or about August 8, 2006.

### Fourth Cause of Action

Winterrowd repleads all of the facts and allegations of the Third Cause of Action and alleges that the Chickaloon Order is valid in the territorial boundaries of Alaska when filed into the Superior Court of Alaska as a foreign judgment under the laws of Alaska which is still open and unopposed by any party or entity, and the State of Alaska has no lawful or legal means not abide by said unopposed foreign order of the Chickaloon Village.

### Fifth Cause of Action

Winterrowd repleads all of the facts and allegations of the Fourth Cause of Action alleges that the State of Alaska is bound by the government of the United States to have reciprocity with the Chickaloon Village on issues such as the Chickaloon Driver License.

### Sixth Cause of Action

Winterrowd repleads all of the facts and allegations of the Fifth Cause of Action that there is no treaty under the Constitution and Laws of the United States with the Chickaloon Village, but that the government of the United States has a duty to protect the interests of the Chickaloon Village, especially when involving transactions with the people of the United States.

### Seventh Cause of Action

Winterrowd repleads all of the facts and allegations of the Sixth Cause of Action and alleges that the government of the United States has a constitutional duty to protect the constitutionally secured rights of Winterrowd when engaged in this lawful and legal transaction with the Chickaloon Village from the unlawful and illegal actions by the State of Alaska, Law Enforcement Agencies, Law Enforcement Officers, Peace Officers, Police Officers, Alaska State Troopers, and other agencies associated by and through the State of Alaska when in the territorial boundaries of Alaska or other States.

### Eighth Cause of Action

Winterrowd repleads all of the facts and allegation of the Seventh Cause of Action and alleges that he is suffering irreparable injury as he is under house arrest, has no means to obtain food and showers except by a friend that can take the time to assist, has had his property (money) taken without due process of Law and they have refused to grant a bond hearing, is in fear of his personal safety because of the extreme ill feelings of the Police and Troopers with a case current in the 9th Circuit concerning physical injury inflicted by Trooper Nelson, is unable to travel about freely in his personal transportation, and Winterrowd is being sentenced concerning this particular issue of the Chickaloon Driver License of the loss of liberty and property with a maximum of one year in jail and $10,000 in fines on February 10, 2006 in Palmer, Alaska, and there is no remedy in the courts of Alaska as they have not only a pecuniary interest, but they lack any jurisdiction or cognizance of this class of Case as only the government of the United States has jurisdiction with the issues of the Chickaloon Village and constitutionally secured Rights of Winterrowd.

### Remedy

*Therefore,* an immediate Temporary Restraining Order should be issued to the Chickaloon Village to cease and desist issuing any more Chickaloon Driver Licenses until this Court issues a final and permanent Injunction on the issues of Law and Fact, and the issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska is adjudicated.

*And further,* an immediate Temporary Restraining Order should be issued to the State of Alaska to cease and desist prosecuting the people that possess a valid Chickaloon Driver License in the territorial boundaries of Alaska until this Court issues a final and permanent

Injunction on the issues of Law and Fact, and the issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska is adjudicated.

*And further,* an immediate Temporary Restraining Order should be issued to the State of Alaska to cease and desist prosecuting Winterrowd denying him of his property and liberty concerning the issues of the Chickaloon Driver License until this Court issues a final Injunction of the issues of Law and Fact, and the issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska is adjudicated.

*And further,* an immediate Temporary Restraining Order should be issued to restore Winterrowd to his original status by returning all of his property, declaring that the Chickaloon Driver License is valid as a driver license in Alaska until this Court issues a final Injunction of the issues of Law and Fact, and the issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska is adjudicated.

*And further,* issue a permanent Injunction to the State of Alaska and all other agencies that the Chickaloon Drive License is a valid driver license in Alaska and other States and that issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska will be honored.

*And further,* and actions that this honorable Court shall deem proper and just.

My Hand,

*Ralph Kent Winterrowd*

**Verified Affidavit of Ralph Kermit Winterrowd 2nd**

STATE OF ALASKA        )

                                ) ss.

THE UNITED STATES OF AMERICA )

    I, Ralph Kermit Winterrowd 2nd, do here swear (or affirm) under the penalties of perjury that foregoing and the following facts in this Injunction are true and correct.

1.    My true name is Ralph Kermit Winterrowd 2nd, being two Christian names and one family name.

2.    I am an American citizen, white citizen, citizen of the United States of America, Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska.

3.    I have attached a *certified public record* filed into the Palmer Recording District with the number of 2005-022833-0 of the Chickaloon Order Case No. 2005-08-01 identified as **Attachment 1,** and also filed a certified copy in the State of Alaska foreign judgment Case of .

4.    I am not a "citizen of the United States" as used by Congress.

5.    I have never knowingly waived any of my constitutionally secured rights and definitely not to possibly receive some sort of federal benefit(s) or gratuities, including the SSN.

                                                                                My Hand,

                                            *Ralph Kermit Winterrowd 2*

I have read this Injunction and the verified affidavit and believe them to be true before the Notary Public, being DeAnna Peterson on the date of 2-10-06 _____.

Sworn and subscribed before me a Notary Public.

My Commission expires on 10 - 04 _____.

Date 2 - 10 - 06 .

DeAnna Peterson
Signature of Notary Public



### Certification

I certify that this Injunction and the one Attachment were personally served to the following parties.

Chickaloon Village
Glen Highway Mile 55.5
P.O. Box 1105
Chickaloon, Alaska 99674-1105
907-745-0707

State of Alaska
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
907-269-5100

Attachment 1 –   Certified Copy of the Chickaloon Order Recorded in the Palmer Recording District.

Date 2-10-06
Signature _DdeLrane_

Injunction                                              Page 12 of 12