Ralph Kermit Winterrowd 2nd
c/o P.O. Box 877109
Wasilla, Alaska [99687]
357-8003 H, 357-8007 Fax

RECEIVED

FEB 1 0 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# The United States of America

# The United States

# District Court of the United States

# District of Alaska

**Ralph Kermit Winterrowd 2nd**
*Plaintiff*

v.

**Chickaloon Village, and;**

**STATE OF ALASKA**
*Defendants*

Case 3:06-CV-00034 TMB

### EXPEDITED PRELIMINARY INJUNCTION (TEMPORARY RESTRAINING ORDER)
arising under Article III of all Cases in Law and Equity under the Authority of the
United States and
exercising the judicial Power of the United States

*Come now,* Ralph Kermit Winterrowd 2nd ("Winterrowd") with this **Expedited Preliminary Injunction (Temporary Restraining Order)** arising under Article III of all Cases

in Law and Equity under the Authority of the United States exercising the judicial Power of the United States.

## Jurisdiction

Jurisdiction arises under Article III of the Constitution of the United States in all Cases in Law and Equity under the authority of the United States exercising the judicial Power of the United States.

Jurisdiction arises under Article I Section 8 Clause 3.

Jurisdiction arises under 28 U.S.C. Sec. 1331.

Jurisdiction arises under the Bill of Rights that no man shall be deprived of life, liberty, or property without due process of law, and in particular the 5th Amendment and the 6th Amendment

Jurisdiction arises because Chickaloon Village is a federally recognized tribe within the territorial boundaries of Alaska by the executive Power and legislative Power of the United States as evidenced by numerous public records.

## Parties

**Ralph Kermit Winterrowd 2nd** is an American citizen, white citizen, citizen of the United States of America, and a Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska. Ralph Kermit Winterrowd 2nd is not an individual or a "citizen of the United States" as used by Congress in 5 U.S.C. § 552 or under the Social Security Act (49 Stat 620) wherein Winterrowd would have relinquished his constitutionally secured Rights for possible gratuities or benefits. See *United States v. Babcock*, 250 U.S. 328, 331 (1919); *Dismuke v. United States*, 297 U.S. 167, 171-172 (1936); *Fleming v. Nestor*, 363 U.S. 603, 609-612 (1960); *Hayburn's Case*, 2 Dall. 409, 409-411 (1792); *United*

*States v. Ferreira*, 13 How. 40, 48-50 (1851); *Muskrat v. United States*, 219 U.S. 346, 352-362 (1911).

**Chickaloon Village** is a federally recognized tribe within the territorial boundaries of Alaska by the executive Power and legislative Power of the United States as evidenced by numerous public records and arising under Article I Section 8 Clause 3 being "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;"

**STATE OF ALASKA** is a State that has refused to honor the Chickaloon Driver License, refused to honor the Chickaloon Village Court Order, refused reciprocity of the "Chickaloon Driver License" issued by the Chickaloon Village, and refused to honor a foreign judgment that stands still unopposed of the Chickaloon Village filed in Palmer, Alaska in Case 3PA-05-01542CI and filed into the public records of the Palmer Recording District with the number of 2005-022833-0.

### Irreparable Injury

The Supreme Court of the United States has held what constitutes irreparable injury in the adjudged decision of *Winnipiseogee Lake Cotton and Woolen Co.*, 67 U.S. 545, 551(1862), to wit:

> A Court of Equity will interfere when the injury by the wrongful act of the adverse party will be **irreparable, as where the loss of health, the loss of trade, the destruction of the means of subsistence, or the ruin of the property must ensue. *[Emphasis added]***

The courts are bound by all of decisions of the Supreme Court of the United States. See *Agostini v. Felton*, 521 U.S. 203, 237-238 (1997); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) – "it is this Court's prerogative alone to overrule one of its precedents."

When the Equity jurisdiction is properly invoked, the court has the power to return that which has been illegally acquired and to return the Plaintiff to the Plaintiff's original *status quo* even if this includes that which might be conferred by a court of law. This is contained in the adjudged decision of the Supreme Court of the United States in *Porter v. Warner Holdings Co.*, 343 U.S. 326, 399(1946), to wit:

(1) It may be considered as an equitable adjunct to an injunction decree. **Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief.** To be sure, such a recovery could not be obtained through an independent suit in equity if an adequate legal remedy were available. [FN2] White v. Sparkill Realty Corp., 280 U.S. 500, 50 S.Ct. 186, 74 L.Ed. 578; Lacassagne v. Chapuis, 144 U.S. 119, 12 S.Ct. 659, 36 L.Ed. 368. But where, as here, the equitable jurisdiction of the court has properly been invoked for injunctive purposes, **the court has the power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be conferred by a court of law.** Alexander v. Hillman, 296 U.S. 222, 241, 242, 56 S.Ct. 204, 210, 211, 80 L.Ed. 192.

FN2 But if a defendant with notice of a pending injunction proceeding completes the acts sought to be enjoined, **the court of equity may restore the status quo by means of a mandatory injunction.** Texas & N.O.R.R. Co. v. Northside Ry. Co., 276 U.S. 475, 48 S.Ct. 361, 72 L.Ed. 661; Porter v. Lee, 328 U.S. 246, 66 S.Ct. 1096 *[Emphasis added]*

Winterrowd is suffering irreparable injury as he is under house arrest, has no means to obtain food and showers except by a friend that can take the time to assist, has had his property (money) taken without due process of Law and they have refused to grant a bond hearing, is in fear of his personal safety because of the extreme ill feelings of the Police and Troopers with a case current in the 9th Circuit concerning physical injury inflicted by Trooper Nelson, is unable to travel about freely in his personal transportation, and Winterrowd is being sentenced concerning this particular issue of the Chickaloon Driver License of the loss of liberty and property with a maximum of one year in jail and $10,000 in fines on February 10, 2006 in Palmer, Alaska, and there is no remedy in the courts of Alaska as they have not only a pecuniary interest, but they lack any jurisdiction or cognizance of this class of Case as only the government of the United States has jurisdiction with the issues of the Chickaloon Village and constitutionally secured Rights of Winterrowd.

### Remedy

*Therefore,* an immediate Temporary Restraining Order should be issued to the Chickaloon Village to cease and desist issuing any more Chickaloon Driver Licenses until this Court issues a final and permanent Injunction on the issues of Law and Fact, and the issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska is adjudicated.

*And further,* an immediate Temporary Restraining Order should be issued to the State of Alaska to cease and desist prosecuting the people that possess a valid Chickaloon Driver License in the territorial boundaries of Alaska until this Court issues a final and permanent Injunction on the issues of Law and Fact, and the issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska is adjudicated.

*And further,* an immediate Temporary Restraining Order should be issued to the State of Alaska to cease and desist prosecuting Winterrowd denying him of his property and liberty concerning the issues of the Chickaloon Driver License until this Court issues a final Injunction of the issues of Law and Fact, and the issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska is adjudicated.

*And further,* an immediate Temporary Restraining Order should be issued to restore Winterrowd to his original status by returning all of his property, declaring that the Chickaloon Driver License is valid as a driver license in Alaska until this Court issues a final Injunction of the issues of Law and Fact, and the issue of reciprocity concerning the Chickaloon Driver License and the State of Alaska is adjudicated.

My Hand,

*Ralph Kenat Winterrowd*

## Verified Affidavit of Ralph Kermit Winterrowd 2nd

STATE OF ALASKA              )

                                       ) ss.

THE UNITED STATES OF AMERICA )

I, Ralph Kermit Winterrowd 2nd, do here swear (or affirm) under the penalties of perjury that foregoing and the following facts in this Injunction are true and correct.

1. My true name is Ralph Kermit Winterrowd 2nd, being two Christian names and one family name.

2. I am an American citizen, white citizen, citizen of the United States of America, Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska.

3. I am not a "citizen of the United States" as used by Congress.

4. I have never knowingly waived any of my constitutionally secured rights and definitely not to possibly receive some sort of federal benefit(s) or gratuities, including the SSN.

5. I am suffering irreparable injury as so noted in the Injunction and this Expedited Preliminary Injunction and I know of no immediate or any remedy at law in the courts of Alaska.

My Hand,

*Ralph Kermit Winterrowd 2nd* [signature]

I have read this Injunction and the verified affidavit and believe them to be true before the Notary Public, being DeAnna Peterson on the date of 2-10-06.

Sworn and subscribed before me a Notary Public.

My Commission expires on 10-07.

Date 2-10-06.

*DeAnna Peterson*
Signature of Notary Public

[Notary Seal: DEANNA PETERSON, NOTARY PUBLIC, STATE OF ALASKA]

### Certification

I certify that this Expedited Preliminary Injunction (TRO) were personally served to the following parties.

Chickaloon Village
Glen Highway Mile 55.5
P.O. Box 1105
Chickaloon, Alaska 99674-1105
907-745-0707

State of Alaska
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
907-269-5100

Date 2-10-06
Signature *Ide B. rone*