IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| RALPH KERMIT WINTERROWD, | ) | 3:06-CV-00034 TMB |
|  | ) |  |
| Plaintiff, | ) | ORDER RE: PLAINTIFF'S |
|  | ) | MOTION FOR TEMPORARY |
| v. | ) | RESTRAINING ORDER |
|  | ) |  |
| CHICKALOON VILLAGE & | ) | (Docket 3) |
| STATE OF ALASKA, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Plaintiff's Complaint arises from the issuance of a driver's license by the Chickaloon Village, which the State of Alaska has refused to recognize. The State's refusal to recognize the license as a valid driver's license has led to Plaintiff's arrest and prosecution for driving with a "revoked" Alaska driver's license. Docket 1. Plaintiff complains that his Chickaloon license was excluded as evidence, that he was subjected to selective prosecution, and that the State is denying reciprocity with the Chickaloon Village and excluding foreign judgments as evidence, all in the interest of pecuniary gain for the State of Alaska.

Plaintiff has filed a Motion for an Expedited Preliminary Injunction/ Temporary Restraining Order in this matter, seeking:

1) A Temporary Restraining Order ordering the Chickaloon Village to cease and desist issuing any more Chickaloon Drivers' Licenses;

2) A Temporary Restraining Order ordering the State of Alaska to cease prosecuting

people in possession of a Chickaloon Driver's License;

    3) A Temporary Restraining Order ordering the State of Alaska to cease prosecuting Winterrowd, and to cease denying him of his property and liberty; and

    4) A Temporary Restraining Order restoring Winterrowd to his original status by returning all of his property and declaring that his Chickaloon Driver's License is valid. Docket 3.

The Court notes that although Plaintiff uses the phrase "Expedited Preliminary Injunction," the content of the motion at Docket 3 seeks four separate Temporary Restraining Orders.

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).  Plaintiff suggests that he is "under house arrest" and complains that he has no means to obtain food and showers unless a friend has time to drive him to town.  He complains that his money has been taken without due process of law, and he fears for his personal safety because of "extreme ill feelings of the Police and Troopers with a case current in the 9th Circuit concerning physical injury inflicted by Trooper Nelson."  Docket 3 at 4.  None of these complaints rise to the level of "immediate and irreparable injury, loss or damage" warranting the issuance of a TRO before the opposing parties have an opportunity to respond. Accordingly, Plaintiff's Motion for an Expedited Preliminary Injunction/Temporary Restraining

Order at Docket 3 is **DENIED.**

Dated this the 14th day of February, 2006.

/s/ Timothy Burgess  
Timothy M. Burgess  
U.S. District Court Judge