NAY'DINI'AA NA'
(CHICKALOON VILLAGE)
TRADITIONAL COUNCIL
P.O. Box 1105
Chickaloon, Alaska 99674
Telephone: (907) 745-0707
Fax: (907) 745-7154
e-mail: info@chickaloon.org

**RECEIVED**

**FEB 2 8 2006**

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD 2ND )<br>Plaintiff ) | Case No. 3:06-CV-00034 TMB |
| )<br>) | |
| vs )<br>) | MOTION FOR DISMISSAL AS TO<br>DEFENDANT CHICKALOON VILLAGE |
| ) | AND NOTICE OF NON-WAIVER OF |
| CHICKALOON VILLAGE ) | SOVERIEGN IMMUNITY AND NOTICE |
| and ) | OF NON-CONSENT TO BE SUED |
| STATE OF ALASKA )<br>Defendants ) | |
| ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL AS TO DEFENDANT CHICKALOON VILLAGE AND NOTICE OF NON-WAIVER OF SOVERIEGN IMMUNITY AND NOTICE OF NON-CONSENT TO BE SUED

### Preliminary Statement

Chickaloon Village, a federally recognized sovereign tribe,[1] does hereby give official notice that they do not waive their sovereign immunity from suit and does not consent to suit by RALPH KERMIT WINTERROWD 2ND.

### Facts of Law Relating to Sovereign Immunity

As a federally recognized tribe that has status as a sovereign tribe Chickaloon relies on the following reasoning for its assertion of immunity from suit;

> Indian tribes enjoy sovereign immunity from civil suits on
> contracts, whether those contracts involve governmental or commercial
> activities and whether they were made on or off a reservation. As a
> matter of federal law, a tribe is subject to suit only where Congress has
> authorized the suit or the tribe has waived its immunity. See, e.g., Three

---

[1] See Federal Register Vol. 70, No. 226, Friday, November 25, 2005, pgs. 71194 – 71197.

Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P. C., 476 U.S. 877, 890 . Respondent's request to confine such immunity to transactions on reservations and to tribal governmental activities is rejected. This Court's precedents have not drawn those distinctions, see, e.g., Puyallup Tribe, Inc. v. Department of Game of Wash., 433 U.S. 165, 168 , 172, and its cases allowing States to apply their substantive laws to tribal activities occurring outside Indian country or involving nonmembers have recognized that tribes continue to enjoy immunity from suit, see, e.g., Oklahoma Tax Comm'n v. Citizen Band of Potawatomi Tribe of Okla., 498 U.S. 505, 510 . The Oklahoma Court of Appeals' belief that federal law does not mandate such immunity is mistaken. It is a matter of federal law and is not subject to diminution by the States. E.g., Three Affiliated Tribes, supra, at 891. Nevertheless, the tribal immunity doctrine developed almost by accident: The Court's precedents reciting it, see, e.g., United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 512 , rest on early cases that assumed immunity without extensive reasoning, see, e.g., Turner v. United States, 248 U.S. 354, 358 . The wisdom of perpetuating the doctrine may be doubted, but the Court chooses to adhere to its earlier decisions in deference to Congress, see Potawatomi, supra, at 510, which may wish to exercise its authority to limit tribal immunity through explicit legislation, see, e.g., Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 . Congress has not done so thus far, nor has petitioner waived immunity, so it governs. *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U. S. 751 (1998)*

## Conclusion and Request of Remedy

The Chickaloon Tribe therefore requests that they be dismissed as defendants from this case and that no further action against the tribe be taken either by Mr. Winterrowd or by the United States District Court in this case.

Respectfully submitted,

Chief Gary Harrison
Traditional Chief for NAY'DINI'AA NA'
(CHICKALOON VILLAGE)

Certification
I certify the a copy of this motion was mailed to:  I certify that a copy of this motion was hand delivered to:
RALPH KERMIT WINTERROWD 2ND           STATE OF ALASKA
P.O. BOX 877109                         ATTORNEY GERNERALS OFFICE
WASILLA, ALASKA 99687                   1031 W. 4TH AVENUE, SUITE 200
                                        ANCHORAGE, ALASKA 99501-1194

DATE 2 - 19 - 0 6     SIGNATURE _Chief Gary Harrison_

WINTERROWD V. CHICKALOON VILLAGE AND STATE OF ALASKA
CASE NO. 3: 06-00034 TMB
2 OF 4

AFFIDAVIT OF Chief Gary Harrison

The following statements of fact are true and correct to the best of my recollection and made under the penalty of perjury:

1. My name is Gary Harrison
2. That I am the Traditional Chief of NAA'DINI'AA NA' (CHICKALOON VILLAGE)
3. That the facts presented in this MOTION FOR DISMISSAL AS TO DEFENDANT CHICKALOON VILLAGE AND NOTICE OF NON-WAIVER OF SOVERIEGN IMMUNITY AND NOTICE OF NON-CONSENT TO BE SUED are true.

2-16-06
_____
Date

_____
Chief Gary Harrison
Signature

Sworn and subscribed before me a Notary Public on  02-19-06 .

My Commission expires on.  11 - 22- 07

_____
Notary Public's Signature
Notary Public in and for the State of Alaska

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD 2ND )<br>Plaintiff ) | Case No. 3:06-CV-00034 TMB |
| ) | |
| ) | |
| vs ) | MOTION FOR DISMISSAL AS TO |
| ) | DEFENDANT CHICKALOON VILLAGE |
| ) | AND NOTICE OF NON-WAIVER OF |
| CHICKALOON VILLAGE ) | SOVERIEGN IMMUNITY AND NOTICE |
| and ) | OF NON-CONSENT TO BE SUED |
| STATE OF ALASKA ) | |
| Defendants ) | |
| ) | |

**ORDER**

The requested relief of dismissal from this case of Chickaloon Village is hereby granted.

_____         _____ _____

Date                Signature of United States District Court Judge/Magistrate