DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Margaret Paton Walsh
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5136
Fax: (907) 258-4978

Attorney for the State of Alaska

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHICKALOON VILLAGE and ) | |
| STATE OF ALASKA ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. 3:06-CV-00034 (TMB) |

**DEFENDANT STATE OF ALASKA'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND (6)**

I.    INTRODUCTION

This case involves a non-Indian resident of the state of Alaska, Ralph Kermit Winterrowd, who had his Alaska driver's license suspended and, once the suspension was ended, chose not to restore his state driver's license but instead to obtain a license from the Chickaloon Village. He was then stopped by the Palmer police while driving

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

in the city of Palmer and cited for driving while his license was suspended.[1] The state district court excluded evidence of his Chickaloon driver's license at his trial and he was convicted and sentenced to jail for 30 days. Prior to sentencing, Mr. Winterrowd was stopped once again by the Palmer police for driving while his license was suspended and a second case is now pending in state court.[2]

Mr. Winterrowd then filed this complaint and request for injunction in federal court asking, apparently, for a declaratory judgment asserting the validity of his Chickaloon driver's license and an injunction requiring the state of Alaska to recognize the license as entitling him to drive on Alaska roads.

The State of Alaska hereby moves the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim for which relief can be granted. Under the *Rooker-Feldman* Doctrine this court lacks jurisdiction to review a state court judgment. Moreover, *Younger* abstention doctrine counsels against federal court interference in a

---

[1] Two days later, he apparently went before the Chickaloon tribal court and obtained an "emergency order" declaring that his driver's license was "a valid Alaska driver license" and enjoining the state from "arresting or harassing" him "concerning the issue of a valid Alaska Driver License while in possession of a valid Chickaloon Village (Nay'dini'aa Na) Driver License." The State of Alaska had no notice of this hearing and the Chickaloon Village Tribal Court has no jurisdiction over the state, so this order is void. *Nevada v. Hicks*, 533 U.S. 353 (2001) (holding that a tribal court has no jurisdiction over state officials *on a reservation* who are attempting to enforce a state law violated off the reservation). The state does not believe Chickaloon is located within Indian country. See Argument C, *infra*. However, even if Chickaloon were Indian country, if a tribal court does not have jurisdiction over state officials enforcing state law within Indian country, it surely cannot have authority over law enforcement officers enforcing state law outside of Indian country.

[2] Mr. Winterrowd has attempted to remove this criminal prosecution to the federal court. *See* Case No. 3:06-CV-00035 (TMB). The State of Alaska opposes removal of that case and will file an opposition after Mr. Winterrowd has responded to the court's order to show cause.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

pending state criminal prosecution. Finally, federal Indian law provides no legal principle under which the sovereignty of the Chickaloon Village extends to licensing non-members of the tribe to drive.

## II.     STANDARD OF REVIEW

The defendant seeks dismissal under F.R.C.P. 12(b)(1) and (6) for lack of jurisdiction and failure to state a claim for which relief may be granted.

A complaint may be dismissed as a matter of law if it fails to allege sufficient facts to sustain a claim under a cognizable legal theory.[3]  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[4]

For purposes of a motion to dismiss for failure to state a claim under F.R.C.P. 12(b)(6), all allegations of the non-moving party are taken as true, and the Court must construe the complaint in the light most favorable to the non-moving party.[5]  However, on a motion to dismiss for lack of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's jurisdictional allegations when such allegations are not intertwined with the merits.[6]  Moreover, the Court "is not required to accept

---

[3]     *Conley v. Gibson*, 355 U.S. 41, 45—46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533—534 (9th Cir. 1984).

[4]     *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); see also, *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994).

[5]     *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 248 (9th Cir. 1997); *Argabright*, 35 F.3d at 474.

[6]     *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[7]

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact.[8] When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.[9] When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact.[10]

## III.   ARGUMENT

### A.   The *Rooker-Feldman* Doctrine Precludes Federal District Court Appellate Review of A State Court Decision

Mr. Winterrowd's complaint effectively asks this court to review the determination of the state trial court that his Chickaloon driver's license was not admissible evidence in his criminal case. But under the *Rooker-Feldman* Doctrine,

---

[7]   *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754—755 (9th Cir. 1994).

[8]   *Thornhill Publishing Co. v. General Telephone & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

[9]   *Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

[10]   *Thornhill*, 594 F.2d at 733; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

"[t]he United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings. 28 U.S.C. § 1257 provides that the proper court in which to obtain such review is the United States Supreme Court."[11]

Although *Rooker-Feldman* does not preclude district court jurisdiction over a general constitutional challenge, it is clear from Mr. Winterrowd's complaint that the claims he presents to this court are "inextricably intertwined" with the state court's refusal to admit his Chickaloon driver's license as evidence in his trial and "the district court is in essence being called upon to review the state court decision."[12] His causes of action mostly restate his argument that the Chickaloon Village has the power to issue driver's licenses that the State of Alaska must recognize; *see* Complaint at 7-12; and, indeed, his third cause of action specifically claims that "Winterrowd did in fact have a valid driver license for a motor vehicle in the territorial boundaries of Alaska on or about August 8, 200[5]."[13] *See* Complaint at 7. The Ninth Circuit has held that "[w]here the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined."[14]

---

[11]  *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)).

[12]  *Feldman*, 460 U.S. at 483 n.16.

[13]  The State of Alaska assumes that the 2006 date is a typographical error since this date has not yet passed and Mr. Winterrowd was initially cited on August 8, 2005.

[14]  *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Memorandum  Page 5 of 11
*Winterrowd v. State of Alaska,*
3:06-CV-00034 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Since the state court has already held that Mr. Winterrowd's Chickaloon Village driver's license was inadmissible at his trial, a determination by this Court that this license was valid and authorized him to drive in Alaska would effectively constitute a holding that the state court was wrong. Thus, the issues are inextricably intertwined and *Rooker-Feldman* Doctrine applies to preclude federal district court jurisdiction.

Therefore, the State of Alaska asks the court to dismiss the complaint for lack of jurisdiction under F.R.C.P. 12(b)(1).

**B.     *Younger* Abstention Doctrine Requires This Court To Abstain**

Even if the District Court should decide that Mr. Winterrowd's complaint is not inextricably intertwined with his state criminal conviction, it should nevertheless dismiss the action under *Younger* abstention doctrine, since the complaint requests an injunction against further state prosecution of Mr. Winterrowd and there is a pending state criminal prosecution of him.[15]

In *Younger v. Harris*,[16] the Supreme Court pointed to the American principle of federalism and "proper respect for state functions" to explain how "it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."[17] The rule of *Younger* and its progeny is that "in the absence of exceptional circumstances creating a threat of irreparable injury 'both great and

---

15    *See*, 3PA-05-03624CR.

16    401 U.S. 37 (1971).

17    *Id*. at 44.

Memorandum
*Winterrowd v. State of Alaska,*
3:06-CV-00034 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

immediate,' a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution."[18]

The only injury alleged by Mr. Winterrowd is the inconvenience of being unable to drive, a burden which many people successfully contend with on a daily basis. Moreover, since, as Mr. Winterrowd himself points out, his Alaska driver's license has been suspended rather than revoked, *see* Complaint at 5, he may restore his driving privileges by the simple expedient of obtaining the appropriate SR-22 insurance and applying to the Division of Motor Vehicles.[19] Given the lack of any exceptional circumstances in this case, the court should abstain from intervention in the pending state prosecution and dismiss the complaint.

C.  **Mr. Winterrowd's Complaint Fails To State A Claim Under Which Relief May Be Granted**

In addition, this court should dismiss the complaint because the facts alleged do not entitle Mr. Winterrowd to relief under any viable legal theory. The complaint alleges that the plaintiff has a driver's license from the Chickaloon Native Village (Chickaloon) that the State of Alaska must recognize. Although Chickaloon is recognized as a tribe by the Bureau of Indian Affairs, it does not have civil regulatory jurisdiction over Mr. Winterrowd, who is a non-Indian residing in Wasilla, Alaska.

In *United States v. Wheeler*,[20] the Supreme Court noted that Indian tribes are "unique aggregations possessing sovereignty over both *their members and their*

---

18   *Kugler v. Helfant*, 421 U.S. 117, 123 (1975).

19   *See* AS 28.20.240.

20   435 U.S. 313 (1978).

Memorandum
*Winterrowd v. State of Alaska,*
3:06-CV-00034 (TMB)

Case 3:06-cv-00034-TMB   Document 12   Filed 03/02/2006   Page 8 of 11

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

*territory*."[21]  However, in *Alaska v. Native Village of Venetie Tribal Government*,[22] the Supreme Court noted that Alaska tribes are "sovereign entities for some purposes, but…sovereigns without territorial reach."[23]  There are no Indian reservations in Alaska, except the Annette Islands Reserve, which was established for the Metlakatla Indian Community.[24]  *Venetie* held that Native villages located on ANCSA lands are not dependent Indian communities.[25]

In *State v. Lanman*, 1998 WL 894945 (Alaska App. 1998), the Alaska Court of Appeals held that, although Chickaloon is a tribe, it does not appear to inhabit Indian country and, therefore, does not have the authority to issue drivers' licenses to tribal members.[26]  However, this Court need not decide the Indian country status of the Chickaloon tribe because Mr. Winterrowd is a non-Indian[27] and resides in Wasilla,[28] a

---

[21]   *Id.* at 323 (emphasis added).

[22]   522 U.S. 520 (1998)

[23]   *Id.* at 526 (quoting *Alaska v. Native Village of Venetie Tribal Government*, 101 F.3d 1286, 1303 (1996)(Fernandez, J., concurring)).

[24]   *Id.* at 524; *see also* 25 U.S.C. § 495 (establishing reservation).

[25]   *Id.* at 530-33; *see also John v. Baker*, 982 P.2d 738, 748 (Alaska 1999)(*Venetie* "appears to undermine the Indian country claims of those Alaska villages…that occupy ANCSA lands.")(footnote omitted).

[26]   *Lanman* is an unpublished opinion, which may be cited "for whatever persuasive power" it might have.  *McCoy v. State*, 80 P.3d 757, 764 (Alaska App. 2003).

[27]   Complaint at 2. ("**Ralph Kermit Winterrowd 2nd** is an American citizen, white citizen, citizen of the United States of America, and a Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska." (emphasis in original).

[28]   *See*, Misdemeanor Complaint, 3PA-05-2098CR, attached as Exhibit A.

Case 3:06-cv-00034-TMB   Document 12   Filed 03/02/2006   Page 9 of 11

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

first class city located in the Matanuska-Susitna Borough.[29]  Therefore, as we demonstrate below, even if Chickaloon were located within Indian country, it would have no authority to issue drivers' licenses to non-Indian residents of Wasilla.

As a "general proposition…the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe."[30]  Tribes possess strictly limited civil regulatory authority over non-Indian activities *within* Indian reservations.[31]  However, tribes have no jurisdiction to regulate the activities of non-Indians outside of Indian country.  "[A] tribe has no authority over a nonmember until the nonmember enters tribal lands or conducts business with the tribe."[32]  Moreover, *Hicks* noted that, even within the exterior boundaries of a reservation,

> the absence of tribal ownership [of land] has been virtually conclusive of the absence of tribal civil jurisdiction; with one minor exception, we have never

---

[29] Department of Commerce, Community & Economic Development, Division of Community Advocacy, Alaska Community Database Community Summaries, www.commerce.state.ak.us/dca/commdb/CIS.cfm

[30] *Nevada v. Hicks*, 533 U.S. 353, 358-59 (2001)(citing, *Montana v. United States*, 450 U.S. 544, 565 (1981) and *Oliphant v. Suquamish* Tribe, 435 U.S. 191 (1978)).

[31] *See e.g.*, *Montana*, 450 U.S. 544; *Strate v. A-1 Contractors*, 520 U.S. 438 (1997); *Atkinson Trading Co. v. Shirley*, 532 U.S. 653 (2001).

[32] *Merrion v. Jicarilla Apache* Tribe, 455 U.S. 130, 142 (1982).  *Merrion* concerned a tribe's authority to regulate non-Indians conducting business on the tribe's reservation. *Merrion*, 455 U.S. at 141.  The business exception noted in *Merrion* does not apply here. *See* Conference of Western Attorneys General, *American Indian Law Deskbook*, at 164 (3rd Ed.)("*Atkinson* and *Hicks* leave little question…that the [consensual relationship] exception [to the rule that tribes presumptively have no authority over non-Indians] is limited in practical effect to *commercial relationships* consummated on tribal reservation lands where nonmembers voluntarily accept…tribal regulation, or, as in *Merrion*, the possibility of such regulation.")(emphasis added).  Thus, the "business exception" noted in *Merrion* does not apply in this case.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

1   upheld under *Montana* the extension of tribal civil authority over nonmembers on non-Indian land.[33]

2   In his concurring opinion in *Hicks*, Justice Souter noted that *Montana* "underscore[d] the distinction between tribal members and nonmembers, and seems clearly to indicate…that the inherent authority of the tribes has been preserved over the former [*i.e.*, tribal members] but not the latter [*i.e.*, non-Indian nonmembers]."[34]

   Therefore, whatever regulatory authority the Chickaloon Village may have over its own members and regardless of whether Chickaloon inhabits Indian country,[35] it has no regulatory authority over Mr. Winterrowd, a non-Indian residing in Wasilla.

   Because there is no legal basis to sustain the claim that the Chickaloon Village has regulatory authority over Mr. Winterrowd, this Court should dismiss the complaint for failure to state a claim upon which relief can be granted.

   DATED: March 2, 2006.

                                    DAVID W. MÁRQUEZ
                                    ATTORNEY GENERAL


                            By:     /s/ Margaret Paton Walsh
                                    Assistant Attorney General
                                    Attorney General's Office
                                    1031 W. 4th Avenue, Suite 200
                                    Anchorage, AK 99501

---

[33] *Hicks*, 533 U.S. at 360. The minor exception noted by the Court was "*Brendale v. Confederated Tribes and Bands of Yakima Nation*, 492 U.S. 408, 443-44, 458-59 (1989)(opinions of STEVENS, J., and BLACKMUN, J.)(tribe can impose zoning regulation on that 3.1% of land within reservation area closed to public entry that was not owned by tribe)." *Id.*

[34] *Hicks*, 533 U.S. at 378 (SOUTER, J. concurring)(relying on *Montana*, 450 U.S. at 564, which quoted *Wheeler*, 435 U.S. at 326).

[35] The State of Alaska does not concede that Chickaloon occupies Indian country or has the authority to issue drivers' licenses to tribal members, but the Court need not reach that question to resolve Mr. Winterrowd's claim in this case.

Memorandum                                                                Page 10 of 11
*Winterrowd v. State of Alaska*,
3:06-CV-00034 (TMB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

(907) 269-5136 (Phone)
(907) 258-4978 (Fax)
LSA_ECF@law.state.ak.us
Alaska Bar No. 0411074

**CERTIFICATE OF SERVICE**

This is to certify that on March 2, 2006, a true and correct copy of the **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** in this proceeding was served by first class U.S. Mail on the following:

Ralph K. Winterrowd
P.O. Box 877109
Wasilla, AK 99687

Chickaloon Village
Glenn Highway Mile 55.5
P.O. Box 1105
Chickaloon, AK 99674

/s/ Margaret Paton Walsh
Assistant Attorney General
Attorney for the State of Alaska

Memorandum
*Winterrowd v. State of Alaska,*
3:06-CV-00034 (TMB)

Page 11 of 11