IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RALPH KERMIT WINTERROWD 2nd,

Plaintiff,

vs.

CHICKALOON VILLAGE, et al.,

Defendants.

Case No. 3:06-cv-00034-TMB

O R D E R

Chief Gary Harrison, on behalf of the defendant Chickaloon Village, has filed a Motion to Dismiss and Notice of Non-Waiver of Sovereign Immunity. Docket 10.

Although individuals may proceed in Federal District Court *pro se*, Local Rule 83.1(f)(2) requires than "Partnerships, corporations, and associations must be represented by an attorney." A non-attorney may not represent a litigant in court, even under a power of attorney. Both the Court of Appeals for the Ninth Circuit, and the Supreme Court for the State of Alaska have so held. In *Johns v. County of San Diego*, the Ninth Circuit held that although a "litigant in federal court has a right to act as his own counsel ... a non-lawyer 'has no authority to appear as an attorney for others than himself.'"[1] Our rules provide that only an "attorney admitted to practice as an attorney and counselor at law before the courts of the State of Alaska, is eligible for admission

---

[1] *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997), quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

to practice in the United States District Court for the District of Alaska."[2]

Holding directly that a non-attorney may not represent another in court under a power of attorney, the Alaska Supreme Court decided that a lay person may not, "by virtue of his capacity as attorney-in-fact for his principal, ... appear on his principal's behalf and act as legal counsel in a court of law unless admitted to so practice."[3] The Court explained that "'[a] person may not engage in the practice of law in the state unless the person is licensed to practice law in Alaska and is an active member of the Alaska Bar.'"[4]

Chief Harrison does not purport to be an attorney, permitted to practice in this Court, and may not represent Chickaloon Village in this action. Pursuant to Local Rule 83.1(f)(2), Chickaloon Village must be represented by counsel. Accordingly, the clerk is directed to strike the Motion to Dismiss at docket 10 from the record. Chickaloon Village may re-file its Motion to Dismiss when it is properly represented by counsel.

DATED this 13th day of March, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[2] D. Ak. LR 83.1(a)(1).

[3] *Christensen v. Melinda*, 857 P.2d 345, 348 (Alaska 1993).

[4] *Id.* at 346, citing Alaska Bar Rule 63; *see also* Alaska Rule of Civil Procedure 81(a)(1) ("only attorneys who are members of the Alaska Bar Association shall be entitled to practice in the courts of this state").