DAVID AVRAHAM VOLUCK, ESQ.
LAW OFFICES OF JUDE PATE & DAVID VOLUCK
P.O. BOX 2834
SITKA, AK 99835
(907) 747-2814
davidvoluck@msn.com

Attorney for the Chickaloon Village Traditional Council

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF ALASKA

RALPH KERMIT WINTERROWD,

    Plaintiff,

v.

CHICKALOON VILLAGE, et. al.

    Defendants.

Case No. 3:06-cv-00034-TMB

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I. INTRODUCTION

This is a motion brought pursuant to Rule 12(b)(1), (2) of the Federal Rules of Civil Procedure (FRCP) regarding lack of subject matter and lack of personal jurisdiction. For the reasons stated below, the lawsuit brought by Ralph Kermit Winterrowd, 2nd., against the Chickaloon Village Traditional Council is not subject to this court's jurisdiction, and therefore Mr. Winterrowd's efforts against the Tribe should be dismissed with prejudice.

### II. FACTS RELEVANT TO THIS PROCEEDING

It is not in dispute that the Chickaloon Village Traditional Council (Nay'dini'aa na') (hereinafter the Tribe) is the governing body for the Native people of Chickaloon, Alaska and is a federally recognized Indian tribe. *See* 70 Fed. Reg. 71194-71197 (Nov. 25, 2005). At no time did the Tribe ever unequivocally express

its consent to be sued. Despite Plaintiff's efforts to prosecute the Tribe's sovereign rights in this court, Plaintiff has not pled or adduced any evidence that the Tribe consents to be part of this action or under the jurisdiction of this court. In fact, quite the opposite is true as evidenced by Chickaloon Tribal Chief Gary Harrison's February 19, 2006 filing expressly declaring that the Tribe does not waive its sovereign immunity and does not consent to suit by Mr. Winterrowd.

### III. ARGUMENT

**Chickaloon Village Traditional Council is the Governing Body of A Federally Recognized Indian Tribe with Tribal Sovereign Immunity, Is Immune from Suit and Not Subject to this Court's Jurisdiction**

Lawsuits against federally recognized Indian tribes are prohibited by the common law doctrine of tribal sovereign immunity. *See U.S. v. United States Fidelity and Guaranty Co.*, 309 U.S. 506, 512 (1940) (courts do not have jurisdiction to decide suits against tribes); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (absent tribal consent to suit, federal courts have no jurisdiction over Indian tribes); *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751 (1998) (sovereign immunity outside of reservation boundaries); *Pan American Company v. Sycuan Band of Mission Indians*, 884 F.2d 416, 418 (9th Cir. 1989) (source for tribal sovereign immunity from suit predates U.S. Constitution and is necessary to ensure tribal political autonomy; absent congressional or tribal consent to suit, state and federal courts have no jurisdiction over Indian tribes); *Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Engineering*, 476 U.S. 877, 890 (1986) (sovereign immunity is a necessary corollary to Indian sovereignty and self-governance); *See generally*, CASE & VOLUCK, ALASKA NATIVES AND AMERICAN LAWS 402-410 (2nd Ed. 2002).

In 1993, the United States Department of the Interior published a comprehensive list of federally recognized tribes in Alaska. The Chickaloon Village

Traditional Council is the thirty-third tribe listed. *See*, 58 Fed. Reg. 54364, 54369 (Oct. 21, 1993) (listed there as Chickaloon Native Village). The preamble to the list states in part:

> This list is published to clarify that the villages and regional tribes listed below are not simply eligible for services or recognized as tribes for narrow purposes. Rather, they have the same governmental status as other federally acknowledged Indian tribes by virtue of their status as Indian tribes with a government-to-government relationship with the United States; [and] are entitled to the same <u>protection, immunities, privileges as other acknowledged tribes</u>; [and] have the right, subject to general principles of Federal Indian law, to exercise the same inherent and delegated authorities available to other tribes.

*Id.* at 54366 (emphasis added).

In 1994, Congress ratified the publication of this list when it enacted the Federally Recognized Indian Tribe List Act of 1994, P.L. 103-454, Title I, November 2, 1994, 108 Stat. 4791 (codified at 25 USCS §§ 479a, 479a note, 499a-1). Among other things, this statute specifically defines an "Indian tribe" as:

> Any Indian or Alaska Native tribe, band, nation, pueblo, village or community that the Secretary of Interior acknowledges to exist as an Indian tribe.

25 USCS § 479a(2). As referenced above, the Chickaloon Village Traditional Council is named in both the 1993 Department of the Interior list discussed above and published before the 1994 Tribal List Act, and in the lists published after the enactment of the Tribal List Act. *See* 70 Fed. Reg. 71194-71197 (Nov. 25, 2005). As a federally recognized Indian tribe, Chickaloon Village Traditional Council is protected from Mr. Winterrowd's complaint by the long-established doctrine of tribal sovereign immunity. The immunity from being sued is one of the most vital aspects of the Tribe's status as a sovereign governmental entity and provider of essential governmental services. The governmental immunity of Chickaloon,

similar to that of the State of Alaska or the United States, prevents the tribal government from being haled into court without its consent. Without this governmental immunity, the Tribe's treasury could be depleted and its internal, self-governing decision making process would be vulnerable to paralysis from outside litigation.

Without a clear and unequivocal waiver of this immunity and consent to become part of this action, this court does not have jurisdiction to consider Mr. Winterrowd's arguments against the Tribe. *United States Fidelity and Guaranty Co.,* 309 U.S. at 512; *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58 (1978) (absent tribal consent to suit, federal courts have no jurisdiction over Indian tribes); *Sycuan Band of Mission Indians,* 884 F.2d at 418 (tribal sovereign immunity is jurisdictional in nature and operates as an absolute bar to federal court jurisdiction).

## IV. CONCLUSION

The Chickaloon Village Traditional Council is the governing body of a federally recognized Indian Tribe with tribal sovereign immunity. As originally stated by Chief Gary Harrison, and now re-affirmed by counsel, the Tribe does not waive its sovereign immunity from suit nor does it consent to suit by Mr. Winterrowd. Mr. Winterrowd has not produced any evidence to the contrary, indicating a tribal waiver of immunity. *See Sycuan Band of Mission Indians,* 884 F.2d at 420 (strong presumption against waivers of tribal sovereign immunity).

The Tribe is immune from suit and not subject to this court's jurisdiction. Therefore Mr. Winterrowd's complaint involving the Tribe should be dismissed with prejudice.

1 | Respectfully submitted this 17th day of April, 2006.

*(signature)*
David Avraham Voluck
Attorney for Chickaloon Village Traditional Council
AK Bar# 9706043

## CERTIFICATE OF SERVICE

This to certify that on April 17, 2006, a true and correct copy of this Memorandum in Support was served by first class U.S. Mail on the following:

Ralph K. Winterrowd
P.O. Box 877109
Wasilla, AK  99687

Margaret Paton Walsh
Assistant Attorney General for State of Alaska Dept. of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK  99501

*(signature)*
/s/ David Avraham Voluck