IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD 2nd,<br><br>Plaintiff,<br><br>vs.<br><br>CHICKALOON VILLAGE and STATE OF ALASKA,<br><br>Defendants. | Case No. 3:06-cv-34   TMB<br><br>O R D E R |

The State of Alaska, through its counsel, has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.[1]  Plaintiff, representing himself, has opposed.[2]  The State of Alaska has not replied.

## Legal Standard

In response to a Rule 12(b)(1) motion, the Court has wide discretion to consider affidavits, documents, and even hold a limited evidentiary hearing.  McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988).  Ordinarily, under Rule 12(b)(1), the burden is on the plaintiff to prove by a preponderance of the evidence that the district court has subject matter jurisdiction.  The

---

[1]     Docket No. 11.

[2]     Docket No. 20.

Court is not precluded from considering conflicting evidence.[3] A pro se plaintiff is generally given leave to amend his complaint, unless it is clear that the deficiencies cannot be overcome by amendment. Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## The Complaint

Plaintiff Ralph Kermit Winterrowd alleges in his complaint that his State of Alaska driver's license was suspended for three months commencing on October 27, 2004.[4] Following the term of the suspension, Mr. Winterrowd obtained a driver's license from the Chickaloon Native Village tribe ("Chickaloon").[5] While in possession of the Chickaloon license, Mr. Winterrowd was stopped and arrested on August 8, 2005 by the Alaska State police for driving while his license was revoked in violation of Alaska Statute § 28.15.291(a)(1).[6] On August 10, 2005, Mr. Winterrowd obtained an order from the Chickaloon tribal court which purported to enjoin "the State of Alaska and all law enforcement agencies from arresting and harassing Mr. Winterrowd concerning the issue of a valid Alaska Driver License while in possession of a valid Chickaloon Village (Nay'dini'aa Na) Driver License" and ordering the Chickaloon license returned to the Mr. Winterrowd.[7] Mr. Winterrowd alleges that he was prosecuted by the State

---

[3] When the jurisdictional issue and the merits are intertwined, or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the Court must apply the summary judgment standard in deciding a Rule 12(b)(1) motion to dismiss. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). As discussed herein, however, the resolution here of the jurisdictional question does not depend on issues of disputed fact.

[4] Docket No. 1 at 4.

[5] Id.

[6] Id. at 5.

[7] Id. at Ex. 1.

and found guilty of driving while his driver's license was suspended.[8]  His Chickaloon driver's license and the Chickaloon tribal court order were excluded from evidence at his trial.[9]

Mr. Winterrowd claims that his Fourteenth Amendment rights to due process and equal protection under the laws have been violated by the State of Alaska.  He seeks injunctive and declaratory relief from this Court.  He asks the Court to (i) declare that his Chickaloon driver's license is valid and enables him to drive in the state of Alaska and (ii) issue an injunction requiring the State of Alaska to recognize the license as entitling him to drive on Alaska roads.[10]

Discussion

Mr. Winterrowd's suit challenges the correctness under federal law of his conviction.  As a court of original jurisdiction, however, this Court lacks jurisdiction to review the final determinations of a state court.  D.C. Ct. of App. v. Feldman, 460 U.S. 462, 476 (1983).  Only the U.S. Supreme Court has jurisdiction to engage in such review. 28 U.S.C. § 1257; Feldman, 460 U.S. at 482.  The Ninth Circuit has held that this doctrine - known as the Rooker-Feldman doctrine - applies even where the challenge to the state court decision involves federal constitutional issues.  Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir.1986).  "The rationale for this rule is that the state courts are as competent as federal courts to decide federal constitutional issues."  Id.  The Ninth Circuit has also held that the Rooker-Feldman

---

[8] Id. at 6.  Mr. Winterrowd refers to a closed case captioned 3PA-05-2098.  The State of Alaska refers to a pending state criminal prosecution captioned 3PA-05-03624CR in its brief (Docket No. 12 at 6 n. 15).  The Court has searched the Alaska Court System records (on www.courtrecords.alaska.gov).  Those records indicate that, under the case captioned 3PA-05-2098, Mr. Winterrowd was convicted of the class A misdemeanor of violating Alaska Statute § 28.15.291(a)(1) on February 14, 2006.  Under the case captioned 3PA-05-03624CR, the charges of violating Alaska Statute § 28.15.291(a)(1) were dismissed by the prosecution on May 18, 2006.  Based on the court records and the allegations, it is undisputed that Mr. Winterrowd was convicted of driving while his driver's license was cancelled, suspended or revoked, in violation of Alaska Statute § 28.15.291(a)(1).

[9] Id. at 6.

[10] Id. at 9-10.

doctrine applies even where the state court action appealed from is not a final judgment that is appealable (e.g. an interlocutory order on the exclusion of evidence).  See, Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (holding that district court lacked subject matter jurisdiction to hear challenge of state court's order denying motion to quash a subpoena despite that order's interlocutory nature and noting that the purpose of the Rooker-Feldman doctrine is "to protect state judgments from collateral federal attack").

Federal district courts do have jurisdiction over a "general constitutional challenge," i.e. one that does not require review of a final state court decision in a particular case.  Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Feldman, 460 U.S. at 487. "This distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle, and difficult to make."  Worldwide Church of God, 805 F.2d at 891.  To draw this distinction the Court asks whether it is "in essence being called upon to review the state court decision."  Feldman, 460 U.S. at 483-84 n. 16.  "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined."  Doe & Associates, 252 F.3d at 1030.

Mr. Witerrowd asks in his complaint that this Court enjoin the State of Alaska from enforcing its prohibition on driving while one's driver's license is cancelled, suspended or revoked against drivers that, like Mr. Winterrowd, hold a valid Chickaloon driver's license. According to the complaint, a state court has recently convicted Mr. Winterrowd of violating Alaska Statute § 28.15.291(a)(1), despite the fact that he has a valid Chickaloon driver's

license.[11]  To provide Mr. Winterrowd the relief he seeks, this Court would have to hold that the state court was wrong to convict Mr. Winterrowd of violating the state statute.  This Court is "in essence being called upon to review the state court decision."[12]  The federal issues presented by Mr. Winterrowd are inextricably intertwined with the state court's judgment.   The Court lacks subject matter to hear such a claim, and the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Mr. Winterrowd is a pro se plaintiff and, as such, is freely given leave to amend his complaint.  Here, however, it is clear that amendment would not overcome the deficiencies in his action.  However pled, Mr. Winterrowd seeks a de facto appeal to this Court of the judgment of an Alaska state court.  This Court does not have jurisdiction to hear such an action.  Mr. Winterrowd may, of course, appeal his judgment to the Alaska state courts of appeals (and to the U.S. Supreme Court), should he so desire.

---

[11] In the alternative, Mr. Winterrowd can be understood to argue that the exclusion of his Chickaloon driver's license and the Chickaloon tribal court order at his criminal trial violated his constitutional rights.  Framed in this manner, Mr. Winterrowd is requesting that this Court collaterally attack a state court interlocutory ruling.  The Rooker-Feldman doctrine applies to final state court orders as well as interlocutory orders.  Doe & Associates, 252 F.3d at 1030.  The Court lacks jurisdiction.

[12] Feldman, 460 U.S. at 482 n. 16.

Conclusion

For the foregoing reasons, the State of Alaska's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, filed through its attorney at Docket No. 11, is **GRANTED**. The motion of Chickaloon Village Traditional Council to dismiss Plaintiff's complaint, filed through its attorney at Docket No. 18, is hereby **DISMISSED AS MOOT**.[13] The complaint is dismissed and this case is closed.

Dated at Anchorage, Alaska, this 25th day of July, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[13] Chickaloon has filed a separate motion to dismiss Plaintiff's complaint based on the ground of sovereign immunity. (Docket No. 18). Plaintiff appears to have included Chickaloon as a party in order to obtain an injunction preventing Chickaloon from issuing any other driver's licenses pending the outcome of the instant case. Because the Court by this order dismisses Plaintiff's complaint in its entirety for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, the action against Chickaloon is hereby also dismissed and its motion rendered moot.