Ralph Kermit Winterrowd 2nd
c/o P.O. Box 877109
Wasilla, Alaska [99687]
357-8003 H, 357-8007 Fax



# The United States of America

# The United States

# District Court of the United States

# District of Alaska

**Ralph Kermit Winterrowd 2nd**
*Plaintiff*

v.

**Chickaloon Village, and;**

**STATE OF ALASKA**
*Defendants*

Case 3-06-CV-00034 TMB

**Motion for Rehearing of ORDER**

Come now, Ralph Kermit Winterrowd 2nd, ("Winterrowd") with this Motion for Rehearing ("Motion") of ORDER at Docket 22 ("Order") and said judgment.

Winterrowd has secured in the fundamental Rights of Due Process of Law secured in the Privileges and Immunities Clause of Article IV Section 2 Clause 1 of the Constitution of the

United States and arising under Article III in all Cases in Law and Equity exercising the judicial Power of the Untied States under the Authority of the United States for Due Process of Law.

A complaint should not be dismissed unless it appears that the Plaintiff can prove no set of facts in support consistent with the allegations which would entitle him to relief and to presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the Plaintiff as held in the adjudged decision of the Supreme Court of the United States in *Illinois ex rel. Madigan v. Telemarketing Assoc. Inc.*, 538 U.S. 600, 618 (2003).  See also *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Hartford Fire Ins. Co. v.* California, 509 U.S. 764, 811 (1993); *McLain v. Real Estate Bd. Of New Orleans, Inc.*, 444 U.S. 232, 246 (1980); United *States v. LSL Biotechnologies*, 379 F.3d 672, 698 (9th Cir. 2004); *Jenkins v. McKeithen*, 395 U.S. 411, , 421, 422 (1969); *Kinney v. International Broth. Of Elec. Workers*, 669 F.2d 1222, 1230 (9th Cir. 1222); *Alameda Conservation Ass'n v. State of Cal.*, 437 F.2d 1087, 1094 (9th Cir. 1971); *Knappick v. United States*, 875 F.2d 318, 318 (9th Cir. 1989); *Brothers v. First Leasing*, 724 F.2d 789, 790 [FN1] (9th Cir. 1984); *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).

Judge Burgess, according to his ORDER, did not have all of the ***essential facts*** to use in the ***ultimate facts*** for the ORDER or purported Judgment.

It was held that ***"Essential"*** means '***indispensably necessary***; important in the highest degree; requisite.'" ***[Emphasis added]*** in the adjudged decision District Court of the United States, Western Division of Pennsylvania in *Pittsburgh Iron & Steel Foundries Co. v. Seaman-Sleeth Co.*, 236 F. 756, 757 (D.C. Penn. 1916).  See also *Aranda v. D.A. & S. Oil Well Servicing, Inc.*, 647 P.2d 419, 422 (1982); *Haller v. Department of Labor and Industries*, 124 P.2d 559, 561 (Sup. Ct. Wash. 1942); *Morris v. Goss*, 83 A.2d 556, 552, 553 (Sup. Ct. Maine 1951).

In the adjudged decision of *People ex rel. Hudson & M.R. Co. v. Sexton*, 44 N.Y.S.2d 884, 885 (1943), to wit:

> Up to now the Court of Appeals has held that there **are only two kinds of facts, which are ultimate facts and evidentiary facts.** **The first is necessary and essential for any determination or decision by the court. The second contains the facts necessary to prove the essential or ultimate facts.** The Court of Appeals **has forbidden the finding of evidentiary facts and has limited the courts below to the finding of ultimate facts.** Godley v. Crandall & Godley Co., 212 N.Y. 121, 132, 105 N.E. 818, L.R.A.1915D, 632; Island Trading Co. v. Berg Bros., 239 N.Y. 229-233, 146 N.E. 345; Adler v. Metropolitan El. R. Co., 138 N.Y. 173, 178, 33 N.E. 935; Steubing v. New York Elevated R. Co., 138 N.Y. 658, 34 N.E. 369. *[Emphasis added]*

In the adjudged decision of the Supreme Court of the United States of *Mining Company v. Taylor*, 100 U.S. 37, 42 (1879), to wit:

> Whether a special finding of facts by the court must have all the requisites of a special verdict, it is not necessary now to assert or deny, **for all that is essential to such a verdict is an ascertainment of the ultimate facts**. A jury is not to find evidence. *[Emphasis added]*

As an Offer of Proof of the ***essential facts*** that the **Chickaloon Driver License was not at issue** in STATE OF ALASKA v. Winterrowd (3PA-05-2098CR) ("Trial"), Winterrowd has included an excerpt of the ***on point essential facts*** and **Attachment 1** of the Trial (pages 1-32 only) that *the issue was not presented to jury and was not an issue under the ruling of Judge Wolfe with the support of the prosecutor (Bangerter)*, to wit:

> MR. BANGERTER: Your Honor, the state does have another issue before we start. And I apologize, this is taking so long. But the state -- what the state's concerned about is that trial, it's a DWLS trial, I'm concerned that this trial is basically going to come -- <u>we're going to try to litigate whether a Chickaloon driver's license is a valid Alaska driver's license. That's not at issue in this case</u>, and, in fact, it's been decided by the court of appeals, and I don't wish to attempt to re-litigate that issue as it's not related to the elements of this charge. And so I would like to have a limited instruction <u>that we not have discussion as to whether or not a Chickaloon driver's license is a valid driver's license.</u>
>
> MR. WINTERROWD: Objection, because I have a tape, a video of this, and I also have it in his documentation that he's -- Mr. Krauss said it is not a driver license. It is an issue here, and it hasn't been litigated. Nobody's given me

**Motion for Rehearing of ORDER**                          Page 3 of 6

```
any findings of fact, conclusions of law.
THE COURT: All right.
MR. WINTERROWD: And it's in his own testimony.
THE COURT: In whose testimony?
MR. WINTERROWD: The man right there, Officer Krauss.
Said, no, it's not a valid Alaska driver -- he made that as
part of the evidence.  He made a decision, so he's got to
stand by it.  I -- I have a right -- it's in the discovery
package, it's in the video.
THE COURT: *It's my ruling that whether or not Chickaloon
driver's licenses are valid is irrelevant to issues that we're
going to be trying today.*  Now.....
MR. WINTERROWD: That's not so.
THE COURT: .....the -- if you had a Chickaloon driver's
license, that may be relevant to whether or not you recklessly
disregarded the fact that your license was suspen -- I'm not
going to prohibit you from offering that type of evidence if
you want.  *But if it becomes an issue, I'm going to tell the
jury that the validity of this license is not at issue in this
case*, so.....
MR. WINTERROWD: We're not trying the validity of it.
Trying if [sic] it's a valid driver's license in Alaska.
THE COURT: All right.
MR. WINTERROWD: That's -- he said it's not.  You can't
exclude his testimony.  It's in the documents and I -- it's on
the video.
THE COURT: *And I've made my ruling*, so.....
```

The Rooker-Feldman was finally interred as stated in *Lance v. Dennis*, 126 S.Ct. 1198, 1204 (*dissenting opinion* 2006), to wit:

> Last Term, in Justice GINSBURG's lucid opinion in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), **the Court finally interred the so-called "*Rooker-Feldman* doctrine."  And today, the Court quite properly disapproves of the District Court's resuscitation of a doctrine that has *1204 produced nothing but mischief for 23 years.** *[Emphasis added]*

And further the Rooker-Feldman does not preclude nonparties to an earlier state-court judgment in the pronouncement of *Dennis ibid at 1202*, to wit:

> **The District Court erroneously conflated preclusion law with Rooker-Feldman.  Whatever the impact of privity principles on preclusion rules, Rooker-Feldman is not simply preclusion by another name.**  The doctrine applies only in "limited circumstances," Exxon Mobil, supra, at 291, 125 S.Ct. 1517, **where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.  The Rooker-Feldman doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment.**[FN2]
> 　FN2. In holding that **Rooker-Feldman** does not bar plaintiffs here from proceeding, we

**Motion for Rehearing of ORDER**　　　　　　Page 4 of 6

>need not address whether there are any circumstances, however limited, in which **Rooker-Feldman** may be applied against a party not named in an earlier state proceeding-e.g., where an estate takes a de facto appeal in a district court of an earlier state decision involving the decedent.

And further, *preclusion* using Rooker-Feldman is not a jurisdictional matter as held in *Exxon v. Saudi Basic Industries Corp.*, 544 U.S. 280, 282, 286, 293 (2005).

As a further Offer of Proof that the **Chickaloon Driver License issue of being valid has not been adjudged in any court of the several States**, the Court shall take judicial Notice 3PA-04-2465CR (*SOA v. Bloom*) which is stayed pending the outcome of *Bloom [Petitioner] v. SOA*, 3PA-06-1092CI (which was filed in April and no action has proceeded – unbelievable, but true).

**Therefore,** Judge Burgess, not having all of the essential facts for the ultimate determination should vacate his ORDER and Judgment. By Judge Burgess proceeding he would be in fact holding to judgment not in evidence in the courts of Alaska. With these essential facts in evidence of the Chickaloon Driver License not being adjudicated as to validity, it follows *a fortiori* this ORDER can not exist as stated.

*And further*, this instant Case should be reinstated, as Winterrowd has presented irrevocable conflated essential facts and holdings of the Supreme Court of the United States that can not support the ORDER and judgment, but are in direct opposition thereof.

*And further,* by the lack of opposition or denial by the State of Alaska under Federal Civil Rule 8(d), as there was a duty to respond, Winterrowd's allegations and facts stand as true.

My Hand,

*Ralph Kermit Winterrowd*

Enclosed – Offer of Proof - Attachment 1 – Excerpt of Trial



### Certification

I certify that this Motion for Rehearing of ORDER were mailed first class vial the USPS or served at their Office to the following parties.

David Avraham Voluck, Esq.
Law Offices of Jude Pate & David Voluck
P.O. Box 2834
Sitka, AK 99835
907-747-2814
davidvoluck@msn.com

State of Alaska
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
907-269-5100

Date July 27, 2006

Signature _Ralph Kermit Winterrowd_